IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00270-CMA-NYW

ERIC L. GARNER,

    Plaintiff,

v.

FCA CHRYSLER,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING UNITED STATES
MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court upon the November 27, 2019 Recommendation (Doc. # 48) by United States Magistrate Judge Nina Y. Wang that this Court grant Defendant's Motion to Enforce Settlement Agreement (Doc. # 35). Plaintiff Eric Garner filed an Objection (Doc. # 50) to the Recommendation. For following reasons, Plaintiff's objections are overruled. The Court affirms and adopts the Recommendation and grants Defendant's Motion.

## I.    BACKGROUND

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections.

This case involves an employment dispute between *pro se* Plaintiff Eric L. Garner and his former employer, FCA US LLC ("FCA"). Mr. Garner asserts claims of racial discrimination and retaliation against FCA pursuant to Title VII of the Civil Rights Act of 1964. (Doc. # 25 at 2.)

The Parties engaged in settlement negotiations from September 4, 2019, until October 22, 2019. *See generally* (Doc. # 35). On September 12, 2019, the Parties successfully negotiated a settlement amount of $18,500. (Doc. # 35-1 at 2; Doc. # 35-3.) Later that day, FCA sent an email to Mr. Garner memorializing the Parties' agreement. (Doc. # 35-1 at 2.) Mr. Garner responded, affirming the agreed upon amount. (*Id.*) FCA sent Mr. Garner the settlement agreement on September 26, 2019. (Doc. # 35-4 at 1.)

However, on October 2, 2019, Mr. Garner sent another email to FCA stating concerns with various provisions in the agreement. (Doc. # 35-2 at 5.) FCA made all the changes that Mr. Garner requested. On October 15, 2019, Mr. Garner sent an email informing FCA that he had changed his mind about some of the provisions that he had previously wanted to delete. (*Id.*) He also requested an additional provision allowing him to pursue employment with FCA and back pay from June 2018. (*Id.*)

On October 18, 2019, the Parties spoke over the phone regarding Mr. Garner's latest change requests. (*Id.* at 1.) During the discussion, the Parties reached an agreement to make some modifications to the agreement, but the Parties agreed not to include a backpay provision. (*Id.*) FCA then sent an email to Mr. Garner memorializing the phone call and attaching copies of the revised final settlement agreement and joint

stipulation for dismissal for Mr. Garner to sign. (Doc. # 35-2 at 1.) Later that same day, Mr. Garner called defense counsel and announced that he was no longer interested in signing the settlement agreement because he disagreed with the $18,500 settlement amount. (Doc. # 35-1 at 5.)

On October 22, 2019, FCA sent an email to Mr. Garner indicating its intention to file the instant Motion and requesting Mr. Garner's position. (Doc. # 35-5 at 4-5.) In response, Mr. Garner left a voicemail for defense counsel in which Mr. Garner said he would "just go ahead and settle this." (Doc. # 35-6.) Additionally, Mr. Garner promised to sign and return the agreement to FCA that night or the following morning. (*Id.*) Notably, Mr. Garner indicated that he would sign the agreement that he received from FCA the week prior "as-is." (Doc. # 35-6.) To date, Mr. Garner has not signed the agreement. *See generally* (Doc. # 35).

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.    PRO SE PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III.    DISCUSSION

**A.    ENFORCING SETTLEMENT AGREEMENTS**

Colorado public and judicial policies favor voluntary agreements to settle legal disputes. *Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 F. App'x 676, 682 (10th Cir. 2001). "A trial court has the power to summarily enforce a settlement agreement

entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496–97 (10th Cir. 1993). Disputes relating to the formation, construction, and enforceability of a settlement agreement are resolved by applying state contract law, even when there are federal causes of action at issue. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

In Colorado, "[a] contract is formed when one party makes an offer and the other accepts it, and the agreement is supported by consideration." *Sumerel v. Goodyear Tire & Rubber Co.*, 232 P.3d 128, 133 (Colo. App. 2009). The essential elements of a contract include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prod. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997). (citing Restatement (Second) of Contracts §§ 24, 32 (1979)). An offer is a manifestation by one party of a willingness to enter into a bargain, and an acceptance is a manifestation of assent to the terms of the offer. *Id*. "Acceptance of an offer must be of the identical terms of the offer, and in the manner, if any, specified in the offer, without any changes." *Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997).

When there is a complete agreement, the fact that certain formalities remain to be performed, such as signing the written agreement, does not reduce such an agreement to the status of mere negotiations. *City & Cty. of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1481 (D. Colo. 1993). An oral settlement agreement is enforceable, even if the parties do not formally sign the written agreement as "it is established that a signature is not always necessary to create a binding agreement."

5

*Presidential Motor Yacht Corp. v. President Marine, Ltd.*, 753 F. Supp. 7,13 (D.D.C. 1990). Ordinarily, a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind. *Woods v. Denver Dep't of Revenue, Treasury Div.*, 45 F.3d 377, 378 (10th Cir. 1995) (citing *Worthy v. McKesson Corp.*, 756 F.2d 1370,1373 (8th Cir. 1985)).

**B.      APPLICATION**

Mr. Garner's Objection (Doc. # 50) states that he did not understand the terms of the Settlement Agreement ("Settlement") (Doc. # 36) until he received and reviewed the final draft on October 18, 2019.[1] Mr. Garner was provided three drafts of the Settlement throughout negotiations with Defendant. (Doc. # 35-2, # 35-4.) Mr. Garner had ample opportunity to review the Settlement prior to accepting its terms. In fact, Mr. Garner reviewed the Settlement carefully enough to request a series of revisions, most of which Defendant compromised on and included in the final version of the Settlement. Mr. Garner acknowledged the Settlement amount and terms (Doc. # 35-2 at 8) and expressed his willingness to sign the agreement on several occasions (*Id*. at 7; Doc. # 35-6.) On October 22, 2019, Mr. Garner accepted all of the terms via email and explicitly promised to "sign the contract agreement as-is," (*Id*.), thereby satisfying the

---

[1] In his Objection (Doc. # 50), Mr. Garner vaguely references his view that the Defendant took advantage of his financial situation during settlement negotiations. However, in an email to defense counsel on October 2, 2019, (Doc. # 35-2 at 7), Mr. Garner states "I am not hurting for cash and I am more than prepared to fight for what is right." A contract is voidable on the grounds of duress if a party's manifestation of assent is induced by an improper threat that leaves no reasonable alternative. *See* Restatement (Second) of Contracts § 175 (1981); *DeJean v. United Airlines, Inc.*, 839 P.2d 1153, 1160 (Colo. 1992). As demonstrated by his email, however, the record does not establish that Mr. Garner agreed to the Settlement under circumstances that would deem the agreement voidable.

requirements of an offer, acceptance, and consideration. Considering the correspondence between the Parties, the Court concludes that Mr. Garner and FCA entered into an enforceable settlement agreement on October 22, 2019, and that it is appropriate to bind Mr. Garner to the final Settlement as written. (Doc. # 36.)

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Magistrate Judge Wang's Recommendation (Doc. # 48) is AFFIRMED and ADOPTED as an Order of this Court;

- Defendant's Motion to Enforce Settlement Agreement (Doc. # 35) is GRANTED; and

- This matter is dismissed with prejudice. *See Siribuor v. UHS of Denver, Inc.*, No. 12-CV-0077-RBJ-KLM, 2012 WL 3590791, at *6 (D. Colo. Aug. 20, 2012) (granting motion to enforce settlement agreement and dismissing case with prejudice), *aff'd*, 514 F. App'x 811 (10th Cir. 2013).

DATED: April 3, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

7